JOHNSON, J.,
Dissenting. — This case squarely presents the question of whether a bona fide purchaser for value can be liable for conversion as a subsequent converter, when he or she had no actual or constructive notice that the purchased goods had been previously converted by the sellers. The *1189 majority opinion applies a rule of strict liability as articulated by our Supreme Court in 1880 to extend liability for conversion to such bona fide purchasers without notice. This rule subjects Rouhollah Rabizadeh, Bahrain Dahi, and Farahnaz Dahi (the buyer defendants) to tort liability despite the trial court’s conclusion that the undisputed facts showed that they were bona fide purchasers who were blameless in their purchase for value, and would in theory also subject to tort liability any subsequent bona fide purchasers of the clothing from the buyer defendants. I find this result unpalatable.
The rigid and formalistic application of the law of conversion favors the original owner, who will almost always prevail against the subsequent bona fide purchaser, and reduces the incentive for the owner to take precautions in delivering possession of the goods. (See Schwartz & Scott, Rethinking the Laws of Good Faith Purchase (2011) 111 Colum. L.Rev. 1332, 1339-1340, 1350.) The existence of an exception from tort liability for those who purchase converted goods from a seller who obtained the goods by fraudulent misrepresentation does not redress the inequity inherent in the rule. When a bona fide purchaser makes the decision to buy, the purchaser’s good faith means he or she does not have notice that the goods have been stolen or converted (in which case strict liability will still apply and the original owner can prevail in a tort action) or, alternatively, that the original owner delivered them to the seller pursuant to a fraudulent purchase (in which case the purchaser’s good faith matters). (See id. at pp. 1352-1353.)
Further, the fraud exception is one the subsequent bona fide purchaser is unlikely to be able to invoke. Such a subsequent bona fide purchaser, who has purchased the goods for value with no actual or constructive notice of prior fraud or conversion, will rarely have access to facts to show that the initial converter obtained the goods by fraud. Fraud must be pleaded with specificity, and specific facts to prove fraud will not be available to a subsequent buyer who purchases in good faith. This is particularly troublesome when, as in this case, the initial alleged converter is not absent or judgment proof. Regent Alliance Ltd. also sued YHK Transportation, Inc., and the other warehouse defendants for conversion. Yet Regent had little incentive to allege and prove fraud against the warehouse defendants. If it did so, it risked helping the buyer defendants (the subsequent bona fide purchasers) to show fraud by the warehouse defendants and thus to mount a good faith defense to the conversion claim.
The buyer defendants here have done all they can by demonstrating with undisputed facts that they had no actual or constructive notice of wrongdoing by the warehouse defendants from whom they purchased the clothing. Yet the majority leaves them “holding the bag,” held liable in tort for their good faith purchase for value. The rule applied to reverse the summary judgment in this *1190 case “probably results from an ineffective borrowing from English law in the early nineteenth century,” when “as an artifact of the revolutionary period” American courts rejected an early English rule allowing a good faith buyer purchasing in an open market to obtain good title to the purchased goods. (Schwartz & Scott, Rethinking the Laws of Good Faith Purchase, supra, 111 Colum. L.Rev. at pp. 1377, 1336 & fn. 16.) As applied in this case, the rule raises fairness concerns that prevent me from joining the majority’s opinion.
A petition for a rehearing was denied December 16, 2014. Johnson, J., was of the opinion that the petition should be granted. Respondents’ petition for review by the Supreme Court was denied March 11, 2015, S223619.